IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH L. INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-095 |
| | ) | |
| SAM ZANDERS, Warden, Dodge State | ) | |
| Prison; TINA SANDERS, Deputy Warden | ) | |
| of Care and Treatment, Dodge State Prison; | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| and HOMER BRYSON, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-captioned case on November 9, 2015, and because he was proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained that Plaintiff is responsible for serving each defendant and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had 120 days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 2.) Now, the 120 days allowed for service have elapsed, and the only evidence of service provided by Plaintiff is a "certificate of service" stating that he mailed three of the defendants waiver forms and a copy of the complaint.

As amended in 1993, Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances that warrant an extension of time. Henderson v. U.S., 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why this case should not be dismissed without prejudice for failure to timely effect service. In addition, the Court reminds Plaintiff that requesting waiver of service is distinct from personally serving Defendants and that if Defendants do not return the waivers then he must arrange personal service in accordance with Fed. R. Civ. P. 4(e). The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 15th day of April, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA