IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH L. INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-095 |
| | ) | |
| SAM ZANDERS, Warden, Dodge State | ) | |
| Prison; TINA SANDERS, Deputy Warden | ) | |
| of Care & Treatment, Dodge State Prison; | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| and HOMER BRYSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff paid the $400.00 filing fee and the Court provided him with instructions on how to proceed. (See doc. no. 3.) Defendants, in lieu of filing a response, filed a Waiver of Reply and Motion for Screening requesting the Court review the Complaint pursuant to the requirements of 28 U.S.C. § 1915A. (Doc. no. 13.) In the waiver of reply, Defendants assert they will file a dispositive motion or an answer to the Complaint in the event the Court finds Plaintiff has a reasonable opportunity to prevail on the merits. (Id.)

Upon review of Plaintiff's complaint, the Court finds Plaintiff has a reasonable opportunity to prevail on the merits of his Eighth Amendment claim for denial of outdoor exercise against Defendant Zanders and Sanders and an equal protection claim regarding more

favorable treatment to Hispanic inmates in the celebration of Cinco de Mayo against Defendant Zanders and Sanders. See Sterling v. Smith, No. CV 606-103, 2007 WL 781274, at *2 (S.D. Ga. Mar. 8, 2007) (allowing claim based on plaintiff's allegation of only receiving one or two hours of out-of-cell exercise a week); Jones v. Diamond, 594 F.2d 997, 1013 (5th Cir. 1979) (jail officials must not be deliberately indifferent to physical needs of inmates despite no constitutional right to outdoor exercise); McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979) ("[C]onfinement to a cell for twenty-three and one-half hours per day for periods of months and absence of outdoor exercise, may make out an eighth amendment violation."); see also Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (per curium) (citing Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 919, 932-33 (11th Cir. 1986)) (prisoner establishes equal protection violation where "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest. . . ."); Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1349 (S.D. Fla. 2011) ("Immutable characteristics determined solely by the accident of birth such as race [or] national origin. . . are typically the basis for finding a suspect class.") (internal citations omitted)). Therefore, Defendants Zanders and Sanders must file a response to Plaintiff's complaint addressing his Eighth Amendment outdoor exercise and equal protection claims.

In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's claims concerning reading of legal mail, refusal of access to the courts, and retaliatory transfer against Defendants Zanders and Sanders, and all claims against Defendants Homer Bryson and Department of Corrections.

2

Accordingly, the Court **ORDERS** Defendants Zanders and Sanders to file a response to Plaintiff's complaint and any outstanding motions by November 18, 2016.

SO ORDERED this 28th day of October, 2016, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA