IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KENNETH L. INMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 315-095 |
| | ) |
| SAM ZANDERS, Warden, Dodge State | ) |
| Prison; TINA SANDERS, Deputy Warden | ) |
| of Care & Treatment, Dodge State Prison; | ) |
| DEPARTMENT OF CORRECTIONS; | ) |
| and HOMER BRYSON, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff paid the $400.00 filing fee and the Court provided him with instructions on how to proceed. (See doc. no. 3.) Defendants, in lieu of filing a response, filed a Waiver of Reply and Motion for Screening requesting the Court review the Complaint pursuant to the requirements of 28 U.S.C. § 1915A. (Doc. no. 13.) Accordingly, Plaintiff's complaint is now before this Court for an initial screening.

**I.     SCREENING OF THE COMPLAINT**

    **A.     BACKGROUND**

Plaintiff names as Defendants (1) Sam Zanders, Warden of Dodge State Prison ("DSP"), (2) Tina Sanders, Deputy Warden of Care and Treatment at DSP, (3) Homer

Bryson, and (4) the Department of Corrections ("DOC"). (See doc. no. 1, pp. 1, 4.). Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of screening, the facts are as follows.

From October 2014 through May 2015, the administration at DSP denied Plaintiff and other inmates "yard calls" because a few inmates had been fighting. (Doc. no. 1, p. 7-8.) Plaintiff documents the exact number of days inmates have been given a one-hour yard call each month, which ranges from fourteen days at the most to zero days at the least. (Id. at 7.) The lack of yard calls purportedly deny Plaintiff outdoor exercise in violation of his Eighth Amendment rights. (Id.) Plaintiff also appears to allege an equal protection violation because Hispanic inmates received four hours of yard call to celebrate Cinco de Mayo but the rest of the inmates received only one hour to celebrate three days later. (Id. at 8-9.)

Plaintiff sent "Count 1" of the present action along with a letter to Defendant Bryson in an envelope clearly marked "legal mail." (Id. at 10.) Despite this designation, unnamed prison officials at DSP opened this mail outside of Plaintiff's presence and withheld delivery of it. (Id.) By doing so, Plaintiff alleges these prison officials violated his First Amendment rights and his constitutional right of access to the courts. (Id. at 10-11.)

Finally, Plaintiff alleges he was transferred in retaliation for filing this civil lawsuit against officials at DSP. (Id. at 12.) Plaintiff does not allege who is responsible for this transfer, only that it was the result of his pending lawsuit. (Id.)

Plaintiff claims he filed grievances regarding these issues, but to no avail. (Id. at 8.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Bryson.

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has failed to state a viable § 1983 claim against Defendants Bryson.

First, Plaintiff does not explain how Mr. Bryson is responsible for the actions of Defendants Zanders and Sanders or unnamed prison officials who denied him yard calls, opened and censored his legal mail, and retaliatorily transferred him to another prison. Plaintiff thus fails to state a claim for relief against either Defendant. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case allegation of violation of right secured by Constitution by person acting under color of state law); Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir. 2008) (rejecting claim against prison where plaintiff failed to allege decision making officials took specific actions amounting to constitutional violation).

Second, Plaintiff fails to state a claim against Defendant Bryson because he is attempting to hold Mr. Bryson liable merely because of his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

4

*respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Bryson liable, Plaintiff must demonstrate either (1) Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff only alleges Defendant Bryson is liable because he "approved this Warden and failed to insure he was following the guidelines and laws of this state regarding the treatment of inmates." (Doc. no. 1, p. 8.)

Likewise, Plaintiff must allege a causal connection between Defendant Bryson and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of

widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff fails to draw the necessary causal connection to any alleged constitutional violation. Plaintiff's general discussion of Defendant Bryson's knowledge of lack of yard calls, (doc. no. 1, p. 8), falls woefully short of the specificity required to draw the requisite causal connection to sustain a claim for supervisory liability. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Bryson, and he should be dismissed from the case.

### 3. Plaintiff Fails to State a Claim Against Defendant Department of Corrections.

Plaintiff attempts to state a claim against DOC. However, the Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the

6

defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff never mentions DOC in his statement of claim.

Moreover, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").

Because Plaintiff has not mentioned DOC in his statement of claim, and DOC has immunity against Plaintiff's § 1983 claims, this Defendant should be dismissed from the case.

### 4. Plaintiff's Legal Mail, Access to the Courts, and Retaliatory Transfer Claims Should Be Dismissed Because Plaintiff Does Not Allege Any Claim Against Any Particular Defendant.

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any

7

allegations associating the defendant with the purported constitutional violation.  Douglas, 535 F.3d at 1321-22 (citing Pamel Corp., 621 F.2d at 36) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Plaintiff alleges "[p]rison officials at Dodge CI opened this mail that was clearly marked 'Legal Mail'" and thereafter censored his legal mail, violating his constitutional right of access to the courts.  (Doc. no. 1, pp. 11-12.)  In addition, Plaintiff alleges within a month after this legal mail was opened, he was transferred in retaliation for pursuing his rights in court.  (Id. at 12.)  However, Plaintiff does not allege how the named Defendants participated in these alleged constitutional violations; Plaintiff only alleges nameless "prison officials" violated his legal mail rights and names no particular person, party to this case or otherwise, responsible for his transfer.  Thus, Plaintiff alleges no acts associating any defendant with the purported constitutional violations, and Plaintiff's legal mail, access to the courts, and retaliatory transfer claims should be dismissed.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's equal protection, legal mail, access to the courts, and retaliatory transfer claims against Defendants Zanders and Sanders, and all claims against Defendants Homer Bryson and Department of Corrections be **DISMISSED**.  In a companion Order, the Court has allowed Plaintiff's Eighth Amendment outdoor exercise claims and equal protection claims against

Defendants Zanders and Sanders to proceed.

SO REPORTED and RECOMMENDED this 28th day of October, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA