IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

KENNETH L. INMAN,                )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )    CV 315-095
                                 )
SAM ZANDERS, Warden, Dodge State )
Prison; TINA SANDERS, Deputy Warden )
of Care & Treatment, Dodge State Prison; )
DEPARTMENT OF CORRECTIONS;       )
and HOMER BRYSON,                )
                                 )
    Defendants.                  )

---

**ORDER**

---

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 21.) The Magistrate Judge recommended dismissal of Plaintiff's legal mail, access to the courts, and retaliatory transfer claims against Defendants Zanders and Sanders, and all claims against Defendants Homer Bryson and Department of Corrections.[1] (See doc. no. 18.) Nothing in Plaintiff's objections undermines the Magistrate Judge's recommendation, and only one objection warrants further comment.

---

[1] The portion of the October 28th Report and Recommendation's conclusion section which stated Plaintiff's equal protection claims should be dismissed was a scrivener's error (doc. no. 18, p. 8) and did not reflect the substance of the Magistrate Judge's analysis that Plaintiff had a reasonable opportunity to prevail on the merits of his equal protection claims regarding more favorable treatment to Hispanic inmates in the celebration of Cinco de Mayo against Defendants Zanders and Sanders (doc. no. 17, pp. 1-2).

Plaintiff contends in his objections his legal mail claims against Defendants Zanders and Sanders should not be dismissed because they "are responible [sic] for the mail room personal [sic] and the treatment of inmates at that facility." (Doc. no. 21, p. 2-3.) However, even if the Court accepts these newly articulated claims, Plaintiff still fails to state a claim for relief because he is attempting to hold these Defendants liable merely in light of their supervisory positions at Dodge State Prison ("DSP"). "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining employer providing medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)) (internal quotations omitted). Therefore, to hold Defendants Zanders and Sanders liable, Plaintiff must demonstrate either (1) Defendants actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendants' actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to fault Defendants

for not properly training or supervising the mailroom staff, but includes nothing to indicate Defendants actually participated in the alleged violation themselves. (See doc. nos. 1; 21, p. 2-3.)

Plaintiff must therefore allege a causal connection between these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring affirmative causal connection between defendant and alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not allege a history of widespread abuse or that Defendants had any custom or policy in place resulting in legal mail violations against Plaintiff. Nor does Plaintiff allege any facts to support an inference Defendant directed any subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so.

3

Therefore, Defendants cannot be held liable on a theory of *respondeat superior*, and Plaintiff fails to state a claim against them in their supervisory roles.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Plaintiff's legal mail, access to the courts, and retaliatory transfer claims against Defendants Zanders and Sanders, and all claims against Defendants Homer Bryson and Department of Corrections. The Court further **DENIES AS MOOT** Defendant's Motion for Screening Pursuant to 28 U.S.C. § 1915A. (Doc. no. 13.)

SO ORDERED this 29th day of November, 2016, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE